[No. 7,020.—Department Two.]

## JOHN ROGERS *v.* H. C. SHAW ET AL.

ALTERATION OF WRITTEN CONTRACT—INDEMNITY BOND—DEFENSE.—In an action by a Sheriff upon an indemnity bond, it appeared that after its execution the bond had been altered by substituting "C. J. H." for "J. M. B." as the claimant of the property seized by the plaintiff; and afterwards, and before the trial, by erasing the former and restoring the latter name, thus restoring it to its original condition; but there was no allegation or proof that the alterations were made with a fraudulent design, or that the defendants could possibly be injured by them. *Held:* The alterations did not render the instrument void.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Fifth District Court, County of San Joaquin. BOOKER, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*J. H. Budd & Sons,* for Appellants.

These unauthorized alterations of the bond by the plaintiff rendered the bond void. (C. C., § 1700; 1 Whart. Ev., §§ 622, 623, and cases there cited; 1 Greenl. Ev., § 565; *Smith* v. *United States,* 2 Wall. 232; *Booth* v. *Powers,* 56 N. Y. 30; *Rex* v. *Birkett,* Russ. & Ry. 251 ; *Martendale* v. *Follet,* 1 N. H. 95.)

*W. L. Dudley*, for Respondent.

The alteration was immaterial and does not affect the valid-
ity of the bond: 1. Because the evidence shows that it was
made innocently and to no injurious purpose.   2. Because it
did not affect the obligation or duties of the parties thereto.
(*Turner* v. *Billagram*, 2 Cal. 520; *State* v. *Dean*, 40 Mo. 464;
*Terry* v. *Hazlewood*, 1 Duval (Ky.), 104; 1 Greenl. Ev., §§ 566,
568; *Arnold* v. *Jones*, 2 R. I. 345; *Smith* v. *Crooker*, 5 Mass.
538; *Chicago* v. *Gage*, 9 Rep. 780.)

SHARPSTEIN, J.:

When offered in evidence the face of the bond corresponded
with the copy set out in the complaint.   But between the ex-
ecution of it and the commencement of this action, the bond
was twice altered: first, by substituting " C. J. Hubner" for
"John M. Berry" as the claimant of the property seized by
the plaintiff upon the attachment sued out by the defendant,
Shaw; and second, by erasing " C. J. Hubner" and restoring
" John M. Berry" as the claimant.

The Court found among other things: " That when said
bond or obligation in the complaint mentioned was signed by
the defendants in this action, a blank space was left in said
bond for the name of the claimant or claimants of said prop-
erty, and the plaintiff was instructed by the defendant, H. C.
Shaw, at the time the bond was sent to him to fill up said
blank space with the name of the person so claiming the prop-
erty which said plaintiff had attached; and in accordance
with said direction so received from said defendant, Shaw,
the said plaintiff filled up said space by writing therein the
name of John M. Berry."

The evidence shows that there was no blank space left in
the bond for the insertion of the name of the claimant, and
that " John M. Berry" was named in the bond, as the claim-
ant, before it was delivered to the plaintiff.   There is really
no conflict in the evidence upon this point.   It fully sustains
the allegations of the answer in regard to said alterations.
Those allegations, if material, were in issue, and the finding
upon them should have been in accordance with the facts
proven.   If, however, the facts as alleged and proved by the

defendant, did not of themselves, or in connection with other facts alleged, constitute a defense to the action, they were immaterial, and it is never necessary to find upon an immaterial issue. It is an undisputed fact that the bond when introduced in evidence had been restored to the condition it was in when executed, so far as it could be without obliterating the evidence which it bore on its face of having been twice altered. There is no allegation or proof that the alterations were made with a fraudulent design or that the defendants could possibly be injured by them.

The result of both alterations was to restore the bond to its original condition, and while we do not wish to be understood as approving of the tampering with it for any purpose, we can not hold that such tampering, when ignorantly and innocently done, as it appears to have been in this case, and without injury or prejudice to the obligors, rendered the instrument void.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.