[Civ. No. 1654.   First Appellate District.—February 14, 1916.]

## W. C. CAVITT, Respondent, v. THOR RAJE, Appellant.

MOTION FOR CHANGE OF PLACE OF TRIAL—INTERLINEATIONS AND ERASURES IN AFFIDAVITS—FAILURE TO EXPLAIN—ERRONEOUS DENIAL OF MOTION.—On a motion for a change of place of trial, where in the notice of motion and the affidavit of merits, and other affidavits offered thereon, there were many interlineations and erasures, the failure of the moving party, upon request of the court, to say whether the alterations were made prior to the execution of the instrument does not authorize the court to exclude them from consideration and to deny the motion, where the affidavit of merits in its original form, ignoring the alterations, embraces all the essential averments of a sufficient affidavit of merits.

ID.—ALTERATION OF INSTRUMENT—WHEN MATERIAL.—If the alterations changed the meaning of the language of the instrument, or if it remedied a defective affidavit, the change would be regarded as material, and the affidavit could not then have been considered without a satisfactory explanation.

ID.—AFFIDAVIT OF MERITS—SUFFICIENCY OF.—Where in one place in the affidavit of merits as it read originally the word "stated" is omitted, the affidavit reading "I further say that I have fully and fairly —— the said case in this cause" to my counsel, etc., but from what appears later in the affidavit, and reading it as a whole, it is clear that the defendant in effect avers that he made a full and fair "statement" of the case in the cause to his attorneys, the omission is not material.

ID.—CHANGE OF DOCUMENT—WHEN IMMATERIAL.—Any change made in a document after its execution, which merely expresses what would otherwise be supplied by intendment, is immaterial, and the document is in effect unaltered by it.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial.   George E. Crothers, Judge.

The facts are stated in the opinion of the court.

J. Irving McKenna, and Catherine A. McKenna, for Appellant.

W. C. Cavitt, *in pro. per.,* for Respondent.

KERRIGAN, J.—This is an appeal from an order denying a motion by defendant for a change of the place of trial.

There is absolutely no merit in the motion to dismiss the appeal, and, contrary to the plaintiff's contention, the affidavits in the record show that the defendant at the time of the commencement of the action resided in the county of Los Angeles.

In the defendant's demand for a change of the place of trial, in the notice of motion, and in several of the affidavits which were filed in the proceeding, there were many interlineations and erasures. This is so with reference to the affidavit of merits verified and filed by the defendant; and it is the plaintiff's principal claim in support of the order of the trial court that the defendant, although requested, refused to say that the alterations therein were made prior to the execution of the instrument, and that upon objection by plaintiff upon that ground the court excluded the same from consideration, and accordingly denied said motion. The record, however, does not show that the defendant was asked to account for the appearance of the alterations, or that he refused to do so; or that plaintiff made any objection to the consideration of the affidavit of merits, or that the court failed to consider it. The court, however, in its order denying the motion, significantly says that having "seen and read the affidavits, etc., the motion is denied"; and since the parties have discussed the matter in their briefs as though the motion were denied on the ground stated, it may not be amiss to briefly review the matter.

Upon examining the affidavit in its original form, and ignoring the alterations, it is found to embrace all the essential averments of a sufficient affidavit of merits (*Walkins* v. *Degener,* 63 Cal. 500; *Nolan* v. *McDuffie,* 125 Cal. 334, [58 Pac. 4]), and therefore the interlineations and erasures in the affidavit complained of are wholly immaterial, and defendant was entitled to have it read and considered on the hearing of the motion. If the alteration changed "the meaning of the language of the instrument" (Code Civ. Proc., sec. 1982), or if it remedied a defective affidavit, the change would be regarded as material, and the affidavit could not then have been considered without a satisfactory explanation (Code Civ. Proc., sec. 1982). "A material change or alteration of an instrument is one which causes it to speak a language different

in legal effect from that which it originally spoke'' (2 Corpus Juris, p. 1173, sec. 2, p. 1178, sec. 7). In one place in the affidavit as it read originally the word ''stated'' is omitted, the affidavit reading, ''I further say that I have fully and fairly ——— the said case in this cause'' to my counsel, etc.; but from what appears later in the affidavit, and reading it as a whole, it is clear that the defendant in effect avers that he made a full and fair ''statement'' of the case in said cause to his attorneys. In other words, in supplying or inserting in the affidavit the word ''stated,'' assuming it was done after its execution, the defendant did no more than the court would have done for him, and that change in or addition to the affidavit may therefore be regarded as immaterial. (*Humphreys v. Crane,* 5 Cal. 173; *First Nat. Bank* v. *Wolff,* 79 Cal. 69, [21 Pac. 551, 748]; *Rogers* v. *Shaw,* 59 Cal. 260; *McGowan v. Supreme Court, etc.,* 107 Wis. 462, 469, [83 N. W. 775]; 2 Corpus Juris, p. 1198, sec. 44.) Any change made in a document after its execution, which merely expresses what would otherwise be supplied by intendment is immaterial, and the document is in effect unaltered by it. (2 Corpus Juris, p. 1193, sec. 34.)

From what has been said it appears that the defendant was entitled to an order changing the place of trial to the county of Los Angeles, and that the court erred in its order denying defendant's motion.

The order is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1916.