Argued October 5, 1916, affirmed January 9, 1917.

## CHRISTIE v. BANDON.

(162 Pac. 248.)

**Municipal Corporations—County Roads—Control—Statute.**

1. The control of county roads is primarily in the legislative power of the state, and until in plain terms the state has given control thereof to any municipality, the latter cannot assume or exercise authority over them; and, under its act of incorporation, Laws of 1891, page 505, Section 39, by subdivision 14 defining the authority of the board of trustees as to obstructions in streets, by subdivision 28 authorizing it to construct streets, by subdivision 32 authorizing county road supervisors to collect taxes and keep the county roads in repair, etc., by Section 68 authorizing the board of trustees to change the grade and improve any street, and by Section 101 authorizing the laying out of streets, etc., the City of Bandon had no authority to exercise control over a county road.

**Dedication—Street—Sufficiency of Evidence.**

2. In an action to enjoin a city and its contractor from entering upon and excavating a part of plaintiff's land for the improvement of a street, evidence *held* not to show a dedication of the strip in dispute as a part of the street.

**Dedication—Requisites—Intent.**

3. The public, whether in the form of a municipality or otherwise, cannot acquire the real property of a private holder by dedication, unless the intent of the owner thus to give his realty to the public is clearly and satisfactorily established.

[As to what constitutes a dedication of a public street, see note in 129 Am. St. Rep. 576.]

82 Or.—31

From Coos: JOHN S. COKE, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is a suit by Alexander Christie, as Roman Catholic Archbishop of the Diocese of Oregon, against the City of Bandon and W. H. Webb to enjoin said city and its contractor from entering upon and excavating a portion of plaintiff's land in the prosecution of what the defendants claim to be a proceeding to improve a street called Oregon Avenue in that municipality.

The defendants avow in their answer that the tract in dispute is part of a city street which it is improving under its initiative charter.   The answer sets out in great detail the steps taken to commence and prosecute the betterment of the way.

The reply traverses the answer in many important particulars.   The contractor as a defendant resisted the complaint on practically the same grounds as the city; hence his answer does not require separate treatment.                                    AFFIRMED.

For appellants there was a brief over the names of *Mr. G. T. Treadgold,* City Attorney, and *Mr. George P. Topping,* with an oral argument by *Mr. Treadgold.*

For respondent there was a brief over the names of *Mr. John D. Goss, Mr. John C. Kendall* and *Mr. Herbert S. Murphy,* with an oral argument by *Mr. Goss.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The answer states that:

"All of the lands included in said Oregon Avenue street improvement are included in a public highway

formerly known as the Bandon-Langlois County road, later known as Abernathy Street and still later known as Oregon Avenue of the City of Bandon; that said highway is, and for more than 20 years has been 60 feet in width, and for its full width has been used during such time by the public and by the municipality of Bandon continuously, notoriously and adversely, and has during all of said time been recognized by all parties, including plaintiff, as such public highway, and has, at all times as aforesaid, been used, maintained and improved by the public authorities as such public highway; * * that said Oregon Avenue extends along the western boundary of the Catholic Church property as described in the complaint, and includes as a part of said avenue a strip off the western boundary of said Catholic Church property extending from the south line of said property in a northerly direction to the north line of Third Street in said city.''

This is denied by the reply. For the purpose of showing the authority of the city over the county road the defendants introduced the following order of the County Court of Coos County, of March 6, 1913, reading thus:

"The matter of application of the City of Bandon to acquire jurisdiction and control over roads within the limits of said city: Now at this time comes on to be heard the resolution of the City of Bandon, requesting Coos County, Oregon, to relinquish to said city all jurisdiction and control over all roads lying and being within the corporate limit of said City of Bandon, the said resolution after being duly considered, it is ordered, and this court does hereby release, and relinquish, jurisdiction and control over each and all the county roads within the corporate limits of the City of Bandon, Coos County, Oregon, to the said City of Bandon, provided that the said City of Bandon shall not, by reason of this order for obtaining control of said roads, have any claim upon

the county road fund, or of any road district funds, or of any part or portion thereof."

1. So far as the control of the county road by the City of Bandon is concerned, the instant case is governed by *Cole* v. *Seaside,* 80 Or. 73 (156 Pac. 569), the substance of which is that the control of county roads is primarily in the legislative power of the state, and that until in plain terms the state has given control thereof to any municipality, the latter cannot assume nor exercise authority over the same. The only legislative grant to the City of Bandon is found in the act of February 18, 1891, entitled "An act to incorporate the town of Bandon, in Coos County, Oregon": Laws 1891, p. 496. By subdivision 14 of Section 39 of the act the board of trustees has authority "to provide for the preservation and removal of all obstructions from the streets, alleys, cross-streets and sidewalks, and for cleaning and repairing the same"; by subdivision 28, "to lay out and construct streets and alleys above and below the ordinary line of the Coquille River; to define the waterfront of said town of Bandon, and to build, construct and regulate landings at the foot of the streets terminating at said waterfront"; and by subdivision 32 "to authorize and empower the county road supervisor of the road district in which the town of Bandon is situated to collect all county road tax within the town limits as county road taxes are collected by the laws of this state, and to apply a sufficient amount thereof to keep all the county roads and bridges within the corporate limits in good condition, and to apply the balance on the county roads in said road district." Section 68 empowers the board of trustees to establish and alter the grade and improve any street or part thereof in the town; and by Section 101 the same sanction is given to the

act of the board in providing by ordinance for laying out, opening, extending, widening, straightening or closing up, in whole or in part, any street, square, lane or alley within the city. These are the only provisions in the legislative charter defining the power of the city over any ground devoted to public travel. It does not include county roads. Subdivision 32 of Section 39 does not affect the county road supervisor, for it is merely declaratory of the authority of that officer already existing at that time, and, besides, it expressly directs him, and not the city, to apply the road taxes to the repair of the county roads. So far, then, as the matter concerns the county road, the city has no authority to exercise control over it.

2, 3. It remains to determine whether the defense has made out that the plaintiff dedicated the strip in dispute as part of a street. In support of the contention of the defendants they introduced in evidence a copy of the official plat filed by the plaintiff, dedicating what is designated thereon as Belle View Addition to Bandon. It seems that the plaintiff originally owned a tract of land within the corporate limits of Bandon, in form a parallelogram, of the approximate dimensions of about 400 feet wide east and west by probably 1,020 feet in length north and south. The plat was filed in the county clerk's office February 14, 1910. The whole of the original tract as it appears thereon is inclosed in dotted lines. What is substantially the south half is laid off in lots and blocks designated by solid lines. On the east side of the map appears indicated by dotted lines what is marked as "Woodland Addition to Bandon, Oregon"; and on the west side there are dotted lines running north and south up to what appears to be Third Street of Bandon, Oregon, leading to the west. On the west oppo-

site the solid lines is the inscription "Abernathy Street Extended." The name "Belle View Addition to Bandon" appears only on the lots and blocks designated by the solid lines. The north half of the original tract is marked as "Catholic Church Property." Between the south half portrayed by the solid lines and the north half bounded by the dotted lines is what is called Second Street. On the east opposite the lots and blocks is the designation "Church Street." There is no name, opposite the tract called "Catholic Church Property," marking any street either on the east, west or north thereof. On the plat is incorporated the following writing:

"Plat of Belle View Addition to Bandon, Oregon, located in the NW¼ SW¼ Sec. 30 & the NE4 SE4 Sec. 25 Twp. 28 S. R. 14 & 15 W. Willamette Merd. The initial point of said addition is a 2″ iron pipe 36″ long firmly driven into the ground at the S. W. cor. of Block No. 2, whence the W¼ cor. of Sec. 30 Twp. 28 S. R. 14 W of the Willamette Merd. bears E. 55.8 feet and N. 933.24 feet, and the base line from which all measurements were taken is the west line of Blocks 1 and 2, marked at the N. W. cor. of Block No. 1 with a 2″ iron pipe 36″ long firmly driven into the ground. All angles are right angles and the distances marked on this plat were staked out on the ground as noted. Scale one inch equals fifty feet. Magnetic variation north twenty degrees thirty minutes east."

The dedication proper is in these words:

"Know all men by these presents, that the undersigned, the Roman Catholic Archbishop, of the Diocese of Oregon, does hereby make, establish and declare, the annexed plat of Belle View Addition to Bandon, Oregon, to be the true and correct plat of the same; that all blocks and lots are numbered and subdivided as shown on attached plat; that the streets and alleys are of the width and dimensions shown and that the streets conform to the streets of Woodland Addition

to Bandon and are an extension of the same. The use of all streets and alleys is hereby dedicated to the use of the public forever, without any reservations of any kind whatsoever. In witness whereof, the said party hereto has hereunto set his hand and seal this 22d day of September, 1909.

"[Signed]   ALEXANDER CHRISTIE.
"[Corporate Seal.]"

The affidavit of the surveyor required by Section 3268, L. O. L., is here set out, omitting the formal parts:

"E. H. Kern, being first duly sworn, deposes and says that he is the engineer who surveyed and platted the Belle View Addition to Bandon, Oregon; that the accompanying map is a true and correct representation of the same. Initial point, a 2″x36″ galvanized iron pipe, driven 6″ below surface of ground; whence the W¼ cor. sec. 30 Twp. 28 S R 14 W. W. M. bears E. 55.8 feet and N. 933.24 feet. Bounded as follows: Commencing at the initial point, thence E. 361.02 ft. N. 511.2 ft; W. 361.02 ft; S. 511.2 ft. to beginning. The base line is the W. line of blocks 1 and 2, marked at each end by 2″x36″ galvanized iron pipe. All blocks, lots, streets and alleys are of the dimensions and widths as shown on attached plat and field notes and are made a part hereof. All blocks, lots, streets and alleys were properly staked and marked out on the ground."

This is signed and duly verified by the affiant. The public, whether in the form of a municipality or otherwise, cannot acquire the real property of a private holder by dedication unless the intent of the owner thus to give his realty to the public is clearly and satisfactorily established. The map is a writing to be construed by its terms expressed therein. The limits of the land included in Belle View Addition to Bandon, together with the streets mentioned, are clearly indicated, not only on the plat itself, but also

by the affidavit of the engineer already quoted, and which the dedicator adopted when he filed it for record, containing the writings already set out. So far as the map is concerned and the laying out of the town plat, it cannot be extended beyond its express terms. The area to be affected by the plat does not extend west to the center of Abernathy Street, so called. The only allusions to streets are that they correspond with the streets of Woodland Addition on the east, and the map illustrates this condition. It is plain by the testimony that the spaces included in dotted lines are thus marked on the map for the purpose of showing the relative position of the tract actually included in the addition. It appears in evidence that by a former proceeding the city did condemn a right of way for a street across the northwest corner of the Catholic Church property, and no question is raised by the plaintiff about the validity of its appropriation. The only contention of the plaintiff is that the strip on the west side of the church property claimed by the city to be in the street has never been dedicated to the public use.

An attempt was made by the defendants to prove dedication of that strip by acts *in pais*. The evidence on that point is substantially as follows: That many years ago when the county road was laid out, the vicinity of the premises in question was uninclosed, and in the winter season, when it was muddy, teams would go in almost any direction to avoid the mud, and so the travel covered a space, described by some witnesses, of as much as 80 feet when moving from the south in the general direction of Bandon, or vice versa. Later on Coos County improved the road in question by planking a portion of it and by grading up and putting crushed rock on the remainder, which

threw the travel all to the north of the original hold-
ing of the plaintiff, and, according to the witnesses,
for some 15 years before the commencement of this
suit, the travel had not in any way encroached upon
the premises of the plaintiff. It is claimed also that
the plaintiff afterward erected a fence on a line which
would be the extension of the west line of Belle View
Addition to the north, indicating an intent to throw
out the strip in dispute into the street. This is ex-
plained, however, by the testimony on behalf of plain-
tiff, to the effect that when the subject of improving
the highway by the city was taken up and discussed,
it was apparent that it would involve a cut of about
30 feet in the deepest place on the western boundary
of the church property, so that to a certain extent it
would leave the premises ''up in the air,'' and that
it was the talk between representatives of the plain-
tiff and the city, unofficially however, that if the city
would pay for the improvement, no objection would
be urged against them taking a street through there
in pursuance of which understanding the fence was
erected; but when it was sought to charge the prop-
erty with the expense of the improvement, the fence
was taken down, and nothing further done in that
direction. The official plat of Belle View Addition
cannot be construed to be a dedication of the disputed
strip. Indeed, the express terms of the instrument
confined it to other property. Considered as a dedi-
cation by acts *in pais,* the evidence is clearly insuffi-
cient to sustain the same. The result as taught in
*Cole* v. *Seaside,* 80 Or. 73 (156 Pac. 519), is that if
the traveled space is to be considered as a county road,
the city has no authority to operate upon the same.
If we consider the matter in the aspect of a street,
there is no dedication of the disputed space, so that

upon either horn of the dilemma the city is proceeding without authority to enter upon the plaintiff's property and to impose an assessment thereon.

Other defects are pointed out in the municipal procedure, but it is unnecessary to consider them. At the foundation of the city's performances is found the want of authority over the tract in question.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.