Submitted on briefs February 26, affirmed March 12, 1918.

## COOPER *v.* FOX.

(171 Pac. 408.)

**Municipal Corporations—County Roads—Jurisdiction of County Court —Exclusion of Interference by City—Statutes.**

1. Under Laws of 1917, page 588, Section 2, and page 613, Sections 2, 5, 7, 10 and 24, relating to county roads, control thereof, and taxation therefor, a County Court has exclusive jurisdiction over all county roads within the county, necessarily excluding the right of every municipal corporation through whose limits such highways extend from interfering therewith, and neither a city nor its officers can superintend the outlay of any money raised by municipal taxation for maintenance of streets, etc., in improving a county road within its borders.

   [As to right of public officer or board to delegate power of approval, see note in Ann. Cas. 1912B, 500.]

**Highways—Delegation of Power to Improve—Limitation of Exercise to County Officers—Statute.**

2. The delegation of power to the County Court, by Laws of 1917, page 588, Section 2, to improve a county road, limits its exercise to the specified authority, thereby excluding the councilmen of a city or any other officer or person, except as assistant to a member of the County Court or other county officer.

From Clackamas: George R. Bagley, Judge.

In Banc.    Statement by Mr. Justice Moore.

This suit was instituted September 17, 1917, by Julia Cooper, against the City of Oswego, a municipal corporation, and its executive officers and a contractor, to enjoin a threatened outlay of money raised by direct taxation, in improving an alleged county road within the corporate limits of the city.    From a decree granting the relief prayed for in the complaint, the defendants appeal.                                       Affirmed.

For appellants there was a brief submitted by *Mr. Joseph E. Hedges.*

For respondent there was a brief over the name of *Mr. William M. Stone.*

Mr. Justice Moore delivered the opinion of the court.

The evidence received at the trial supports the findings of fact made by the court to the effect that by an exercise of initiative power, the City of Oswego was incorporated January 15, 1910; that about 40 years prior thereto a county road, extending from Oregon City northerly, was laid out and established across land now included within that city, which part of the highway in such municipality, though there designated as Front Street, always has since it was laid out been used by the public and is subject to the jurisdiction and control of the County Court of Clackamas County; that the plaintiff is a taxpayer of the City of Oswego and the defendants, aside from the municipality, are the mayor and councilmen thereof respectively, and a contractor; that for the past four years there has been levied on all assessable property in that city, pursuant to the provisions of its charter, an annual tax of ten mills on the

dollar, a part of which exaction has been set aside for the maintenance and repair of streets and sidewalks; that there is now on hand for such purpose $4,915 of which sum about $900 was received by the city from the County Court of that county, as the share due the municipality of the public road fund; that on August 10, 1917, an ordinance was enacted and approved, providing for the improvement of Front Street according to plans and specifications thereof, and the payment of a part of the costs thus to be incurred from the fund so raised by taxation; and that pursuant to such legislation the defendant contractor proposed to do the required work for $2,756.90, and such executive officers accepted the bid and threatened to enter into a contract with him for such improvement. As a conclusion of law the court also found that no part of the sum of money so raised by levy of the municipal tax, could legally be used in improving Front Street, which highway was a county road and not a city street.

It satisfactorily appears that no part of the county road within the City of Oswego, and there known as Front Street, was ever vacated, or jurisdiction thereof abandoned by the County Court of Clackamas County. If the expense to be incurred by improving that part of the highway within the city had been attempted to be liquidated by a fund to be raised by a special assessment of the real property abutting upon the county road, for the benefit supposed to be conferred, the proceedings would have been wholly futile: *Cole* v. *Seaside,* 80 Or. 73 (156 Pac. 569); *Christie* v. *Bandon,* 82 Or. 481 (162 Pac. 248).

Excerpts from statutes which are deemed to be involved herein will be set forth.

"All county roads shall be under the supervision of the County Court wherein said road is located. Each County Court within this state shall have the authority,

and it shall be its duty to supervise, control and direct the * * maintenance and keeping in repair, improvement and vacation of all county roads within its county, and to prescribe the methods and manner of working, improving and repairing the same. * * The powers herein given may be exercised directly by the court, or through some one of its members designated for that purpose, with the aid of necessary assistants'': Gen. Laws Or. 1917, Chap. 295, § 2.

"On and after January 1, 1918, the offices of road supervisor and roadmaster, as fixed and defined by law prior to the taking effect of this Act, shall be and are hereby abolished: Gen. Laws Or. 1917, Chap. 299, § 2.

"The County Court shall employ such deputy roadmasters, patrolmen and assistants as may in its judgment be necessary to enable the roadmaster to perform his duties expeditiously and economically'': Id., § 5.

"It shall be the duty of the county roadmaster and his deputies and assistants * * to superintend all work done upon the roads and bridges within the county, whether done under contract or otherwise. * * To discharge and perform all duties that are imposed upon road supervisors by any law of this state'': Id., § 7.

"Each County Court at the September term thereof, shall so arrange the road districts of the county as to conform to the provisions of this section * * ; *provided,* that all road districts formed under the provisions of this Act shall be formed from contiguous territory; *provided, further,* that every incorporated city and town shall constitute a separate road district. * * : Id., § 10.

"The County Court may levy a tax not to exceed ten mills on the dollar on all taxable property of such county, at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund. * * Said tax shall be paid in money, and levied and collected in the same manner as other county taxes are levied and collected, and when so collected shall be used for road purposes only, as provided in this Act, and seventy per cent thereof shall be apportioned to the several road districts, including districts composed of incorporated cities and towns'': Id., § 24.

As these statutes contained no emergency clauses they went into effect 90 days after February 19, 1917, when the legislature adjourned, or May 20, 1917: Article IV, Section 28, of the Constitution.

1. From these selections it will be seen that the County Court has exclusive jurisdiction over all county roads within the county, thereby necessarily excluding the right of every municipal corporation, through whose limits such highways may extend, from interfering therewith. The City of Oswego cannot, as an independent agency of the state, nor can any of its officers, superintend the outlay of any money raised by taxation in improving a county road within its borders.

2. The prayer of the complaint herein does not ask that the defendants be enjoined from expending any part of the $900 received from Clackamas County in repairing the highway known as Front Street in the City of Oswego, and the decree rendered conforms to such request. The right of any officer of the municipality, unless specially appointed by the County Court to assist it or one of its members or other officer of the court, to superintend the outlay of any part of the money so received from the county, may well be doubted. It will be remembered that the authority to improve a county road is vested in the County Court, which power may be exercised by that tribunal, or by one of its members designated for that purpose with the aid of necessary assistance: Gen. Laws Or. 1917, Chap. 295, § 2. This delegation of power necessarily limits its exercise to the authority specified, thereby excluding the councilmen of a city or any other officer or person, except as an assistant to a member of the County Court or other county officer. That part of the decree, however, will not be disturbed, for it is quite probable that since the outlay of the money, which was received from

the county, was not enjoined, the $900 may have been expended by or under the direction of a city officer.

It is not necessary to inquire whether or not a municipal corporation can legally appropriate money which has been raised by direct taxation to aid in repairing a county road within its corporate limits, when the County Court or some member thereof, or other county officer, superintends the improvement, for that question is not before us.

As the highway undertaken to be improved herein is a county road which has never been vacated by the County Court, upon condition that the street was to be kept open and in repair for public use by the municipality, the decree should be affirmed and it is so ordered.　　　　　　　　　　　　　　　　AFFIRMED.