Argued February 14; affirmed March 21; rehearing
denied April 25, 1933

## WILLETT *v.* CITY OF WEST LINN ET AL.
(19 P. (2d) 1098)

*Charles T. Sievers* and *Glenn R. Jack,* both of Oregon City (Butler & Jack, of Oregon City on the brief) for appellants.

*L. Stipp,* of Portland, for respondents.

BELT, J. This is a suit to enjoin the city of West Linn from collecting a special assessment levied against the real property of the plaintiff to pay the cost of constructing a sidewalk. The plaintiff alleges, in substance, that this sidewalk was constructed by the city of West Linn in 1927 upon and along a certain county road in Clackamas county now known as a part of the Pacific highway which runs through Oregon City, Oswego, and the city of Portland. The sidewalk began at the west end of the bridge across the Willamette river at West Linn and extended in a northwesterly direction to the city limits. The cost of this improvement, amounting approximately to $17,000, was assessed to the real property owners, among whom was plaintiff, in an improvement district adjacent to the alleged road. Plaintiff avers that the defendant city never acquired jurisdiction over this county road and that all proceedings had to levy a special assessment against his real property to defray the costs of such improvement are null and void.

In its answer the city denies that the sidewalk was constructed on a part of any county road and that such "improvement was made upon said street or road, under the bona fide belief of the council of the city of West Linn that the same was a public street of said city". As a further defense, the city alleged:

"That from the time of the commencement of said work until the completion thereof, plaintiff had full knowledge of said improvement, knew that it was the intention of the city council to assess the cost thereof against the lands and property benefited thereby, made no objection thereto until after said improvement was completed and notice of his assessment had been received by him.

"That he has received and enjoyed the benefits of said improvement and that he should now be estopped from objecting thereto and enjoining said city from the collection of said assessment".

From a decree of injunction, the defendant city appeals.

It is established by a preponderance of the evidence that the sidewalk was built on a part of a county road constructed and maintained by Clackamas county for many years prior to the incorporation of the city of West Linn in 1912. This road leading from Oregon City to Portland is one of the early pioneer highways and it is inconceivable that the officers of the city constructed the sidewalk under the belief that such highway was a street. Due to the great lapse of time since this road was constructed, it is not strange that surveyors might differ somewhat in establishing its boundary lines, but we think it is reasonably certain that the walk is within the 60-foot strip as recognized for many years by property owners abutting thereon.

██ If this was a county road long before the incorporation of the defendant city, how then was jurisdiction obtained by such municipality? True, its charter provided that "The city shall have jurisdiction over all roads and highways in West Linn except the bridge across the Willamette river," but such authority was not conferred by act of the legislature. The charter was initiated and adopted by vote of the people under the authority vested in them by the constitution and laws of this state.

*Cole v. Seaside,* 80 Or. 73 (156 P. 569), decided in 1916, is authority for the proposition that the paramount and primary control of the highways of this state is vested in the legislature and any surrender of

control thereover must come from such source. In the light of this and kindred cases, jurisdiction over county roads could not be surrendered by the county to the city; nor could the city acquire such jurisdiction through the exercise of the initiative. Also to the same effect see *Cooper v. Fox*, 87 Or. 657 (171 P. 408), which involved a part of the same road within the corporate limits of the city of Oswego, and wherein the court said:

"If the expense to be incurred by improving that part of the highway within the city had been attempted to be liquidated by a fund to be raised by a special assessment of the real property · abutting upon the county road, for the benefit supposed to be conferred, the proceedings would have been wholly futile". Citing *Cole v. Seaside*, 80 Or. 73 (156 P. 569); *Christie v. Bandon*, 82 Or. 481 (162 P. 248).

After the above decisions were rendered, the legislature deemed it advisable, in 1919, to enact chapter 274 of the General Laws of Oregon for such year (codified as §§ 44-2801, 44-2802 and 44-2803, Oregon Code 1930) entitled an act: "Providing a method whereby counties may surrender to cities and towns jurisdiction over county roads or portions thereof situated within the same and to enable such cities to repair, construct and improve such county roads or portions thereof in the same manner and giving them jurisdiction over them to the same extent that they now have over their streets and alleys and relating to assessments". Section 1 of the above act sets forth the procedure for the surrender of jurisdiction by counties to municipalities over county roads within their corporate limits. Under this section when the county court made an order surrendering such jurisdiction and the same was accepted by the city in the manner therein pro-

vided, the latter was vested with "the same control, power and jurisdiction over the same as by its charter and the laws of the state are given or granted it over any of the public streets and alleys of such city or town".

■ In the instant case the record fails to disclose any order of the county court surrendering jurisdiction to the defendant city. Indeed, the record fails to show compliance in any particular with the procedure as provided in the above section. However, it is contended by the city that, if it be assumed the sidewalk was constructed on a county road, it is entitled to the benefit and protection of section 3 of the act (§ 44-2803, Oregon Code 1930) which provides as follows:

"No assessment heretofore or hereafter made by any city or town for the improvement of any county road or portion thereof under the bona fide belief of its governing body that the same was a public street of said city shall be deemed invalid where the property owner shall have permitted such city or town to make such improvement, or where the county shall have surrendered jurisdiction to such city or town within the time when such assessment is otherwise collectible by law, provided that within the time such assessment would be otherwise collectible such city shall acquire such full jurisdiction over such county road or portion thereof as herein provided".

As heretofore stated, the evidence does not establish that the "governing body" of the defendant city was "under the bona fide belief" that the highway in question was a street. The most that could be successfully contended in that respect is that the city believed it had a legal right to make the improvement and levy a special assessment to pay therefor. Assuming that the "governing body" of the city did believe the road was a street, its right to levy a special assessment

would be predicated upon compliance with the provisions of the above section, viz., that jurisdiction be obtained by the city within the time "such assessment would be otherwise collectible".

■ The city also directs attention to chapter 374, General Laws of Oregon, 1921, codified as §§ 44-2701 to 44-2704 inclusive, Oregon Code 1930, entitled an act: "To authorize and empower the state highway commission to construct or pave streets of cities or towns of less than two thousand (2,000) population, and to provide for the payment of the cost thereof," but we see no application of the same to the facts in this case. The sidewalk in question was not constructed by the state highway commission, but by the city of West Linn. Assuming that such act did apply, the city would not, by virtue thereof, be authorized to levy a special assessment against property owners to pay for the cost of the sidewalk.

■ Estoppel is not involved as no act of the plaintiff could confer upon the city jurisdiction of the subject matter.

The decree of the lower court is affirmed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.